UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALICE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:02-CV-0485 RM |
| | ) | |
| AM GENERAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

AM General LLC seeks summary judgment, contending that judicial estoppel bars Alice Anderson's race discrimination suit. Ms. Anderson has not responded. For the following reasons, the court grants the summary judgment motion.

> A motion for summary judgment should be granted where there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. In determining whether a genuine issue of material fact exists, "a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings, but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." However, neither presenting a scintilla of evidence nor the mere existence of some alleged factual dispute between the parties or some metaphysical doubt as to the material facts, is sufficient to oppose a motion for summary judgment. The party must supply evidence sufficient to allow a jury to render a verdict in his favor.

Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1087-1088 (7th Cir. 2000) (citations omitted).



Five years ago, Ms. Anderson filed a race discrimination charge against AM General with the E.E.O.C. and South Bend Human Rights Commission. Six months or so later, she filed for Chapter 7 bankruptcy protection in which she neglected to disclose these administrative proceedings and her remaining unliquidated claim against the company, though the verified forms she filed in bankruptcy required those disclosures. The bankruptcy court discharged her debts in 1999 without knowing of these omissions. Ms. Anderson commenced this race discrimination action last year.[1]

AM General says the judicial estoppel doctrine prevents Ms. Anderson from advancing her Title VII claim in this suit. The equitable doctrine has been uniformly recognized "to protect the integrity of the judicial process" and generally prevents a party from asserting a claim in a legal proceeding that is inconsistent with that party's claim in a previous proceeding. New Hampshire v. State of Maine, 532 U.S. 742, 749-750 (2001); see also In re Cassidy, 892 F.2d 637, 641 (7th Cir. 1990) ("intended to prevent the perversion of the judicial process"). Several factors inform the decision to apply the doctrine, but no exhaustive formula has been established. See New Hampshire v. State of Maine, 532 U.S. at 750-751.

The doctrine's application is appropriate today. Ms. Anderson's position in this case is "clearly inconsistent" with her earlier position in bankruptcy, id. at

---

[1] The court is not told whether this action was timely brought within the ninety-day limitations period applied to Title VII claims.

2

750; see Chandler v. Samford Univ., 35 F. Supp.2d 861, 863 (N.D. Ala. 1999) (collecting cases), and Ms. Anderson had some success in persuading the bankruptcy court to adopt her earlier inconsistent position through its discharge of her debts, leaving the perception that either that court or this court has been misled. See New Hampshire v. State of Maine, 532 U.S. at 751. The record shows Ms. Anderson clearly knew of her claim, and she had an affirmative duty to disclose that claim as well as a motive to conceal that claim. Not applying judicial estoppel in this case would confer an unfair advantage on Ms. Anderson.

For these reasons, the court GRANTS AM General's summary judgment motion [Docket No. 22]. The clerk shall enter judgment accordingly, with costs to be assessed against the plaintiff.

SO ORDERED.

ENTERED: _March 11, 2003_

S/ Robert L. Miller, Jr.
_____
Robert L. Miller, Jr., Chief Judge
United States District Court

cc: L. Batties
D. Eley
J. LaDue/J. Kuehn